forth only the minimum time assessment, and petitioner is eligible for a maximum time assessment of "up to the balance of the remaining period of post-release supervision" (Penal Law § 70.45 [1]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERIC C. CARPENTER, Appellant, v MICHAEL CORCORAN, Respondent. [847 NYS2d 885]—Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered May 11, 2006 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment denying his petition seeking a writ of habeas corpus. We affirm. According to petitioner, the supervision of his probation was not properly transferred from New York County to Cortland County, and Cortland County Court therefore lacked jurisdiction to sentence petitioner after he violated the terms of his probation. Habeas corpus relief is unavailable, however, inasmuch as the petition raises issues that could have been raised on petitioner's direct appeal and, indeed, were raised by petitioner in his motions pursuant to CPL 440.10 (see e.g. People ex rel. Elkady v Conway, 41 AD3d 1176 [2007], lv denied 9 NY3d 809 [2007]; People ex rel. Lyons v Conway, 32 AD3d 1324 [2006], lv denied 8 NY3d 802 [2007]; People ex rel. Gloss v Costello, 309 AD2d 1160 [2003], lv denied 1 NY3d 504 [2003]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WASHINGTON, Appellant, v THOMAS POOLE, as Superintendent of Five Points Correctional Facility, Respondent. [847 NYS2d 886]—Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), dated December 16, 2005 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in the decision at Supreme Court. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEIGHTON SPAULDING, Appellant, v HAROLD GRAHAM, as Superintendent of Auburn Correctional Facility, Respondent. [847 NYS2d 893]—Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered May 11,

2006 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.

■ The People of the State of New York, Respondent, v Danny Guerra-Pena, Appellant. [847 NYS2d 886]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 3, 2005. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that his attorney became a witness against him and thus that he was denied effective assistance of counsel. We reject that contention. Contrary to defendant's contention, defense counsel did not take a position adverse to defendant by his comments concerning the physical appearance of an item that might have been offered in evidence had a trial been held and defendant's lack of cooperation in preparing a defense, nor did defense counsel's comments contribute to any rulings against defendant (*see generally People v Wilmet*, 9 AD3d 884 [2004], *lv denied* 3 NY3d 683 [2004]; *People v Cook*, 295 AD2d 888 [2002], *lv denied* 99 NY2d 534 [2002]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.

■ The People of the State of New York, Respondent, v Dana Cleaves, Appellant. [847 NYS2d 894]—Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered June 2, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.

■ The People of the State of New York, Respondent, v James J. Birmingham, Appellant. [847 NYS2d 887]—Appeal from a